By the Court:

Monell, J.
The question submitted to the jury was whether Johnson, the defendant, had promised the plaintiffs to pay them for all the beef they should send to McMann’s stand in Fulton Market. The jury found such promise was made, and gave a verdict for the plaintiffs.
The defendant attempted to escape from the consequences of . his promise, by showing that one Foster had said to the plaintiffs that the defendant had nothing to do with the business carried *461 on at McMann’s stand. This was voluntarily said by Foster, without the direction or knowledge of the defendant.
Upon such evidence the defendant asked to have the jury instructed “ that if Foster informed or notified the plaintiffs, on the 15th of November, that the defendant had nothing to do with the business transacted at the stand of MclVIann, the defendant would not be liable for any thing bought after such notice.” The instruction was refused and the defendant excepted.
' The object of the evidence was to give to it the effect of terminating the defendant’s liability, which was a continuing one. Had it such effect? Johnson, the defendant, had denied giving the promise to pay, as claimed by the plaintiffs, or any promise whatever to pay for beef sent to McMann’s stand, and it was therefore a little inconsistent to claim that a liability he had never incurred was terminated by notice.
The contract, as the jury found it, was that the beef was sold to the defendant. It was to be sent to McMann’s stand and paid for by the defendant. Now the notice was that the defendant' had nothing to do with the business carried on at that stand.
Besides, the notice being by a mere volunteer, without any direction from the defendant, or even with his knowledge, it conveyed no information to the plaintiffs that the defendant no longer intended to be responsible. Saying that he had nothing' to do with the business carried on at McMann’s stand bore no' relation whatever to the defendant’s engagement, which was to'' pay for all the beef sent to such stand, and did not change the ground upon which his liability had attached. The promise to'' pay had no connection with the business carried on at McMann’s' stand, or with that which the defendant said he was going into.
At least, if the defendant desired or intended to terminate his' liability, he was bound, it seems to me, to furnish better evidence-of notice to the plaintiffs than was given in this case.
There was no error, therefore, in refusing to charge as re-'' quested by the defendant. ■
Judgment affirmed.